CLARENCE H. WRIGHT, PLAINTIFF-RESPONDENT, v. GENERAL CERAMICS COMPANY, DEFENDANT-APPELLANT.

Argued October 4, 1938—Decided February 4, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and HEHER.

For the defendant-appellant, *John C. Stockel.*

For the plaintiff-respondent, *Huyler E. Romond* and *John E. Toolan.*

BODINE, J. The defendant appeals from a judgment in favor of the plaintiff. This was the second trial of the cause, the first resulting in a reversal because of error in the charge of the court to the jury. *Wright* v. *General Ceramics Co., 120 N. J. L.* 33.

The defendant was erecting a new factory building and the plaintiff had the subcontract for the installation of the roof covering. On the morning of February 27th, 1936, learning that the building was in condition for the placement of the roof covering material, he went to the plant and without stopping at the gate where there was a sign reading "Report at the gate," or at the superintendent's office, proceeded directly to the place where the building to be roofed was under construction. In order to reach a point where he could see the work to be done, he started to climb to the top of an old building standing nearby so that he could look down upon the place where the roofing materials were to be placed. The new building was two stories high and the old building was three stories in height. He walked up the first flight of stairs into a drying room out of use for two years. He passed through doors into another room in search of the stairs to the third floor of the building. Opening a steel fire proof elevator door, he testified as follows: "*Q.* Mr. Wright, as you opened this door, did you look before you stepped forward? *A.* I looked up thinking it was a stairway. *Q.* And did you see any stairway? *A.* No, I did not. *Q.* And how many steps did you say you took? *A.* I think about three or four altogether after opening the door. *Q.* Big steps or small steps? *A.* Oh, probably eighteen inches or two foot long." He then fell into space.

It appears that the safety gate was out of place. The main staircase previously used by him was a bit further away from where he was when he entered the building, and he was seeking to discover a new and easy way to the point where he desired to go. The factory inspector for the State Department of Labor by chance inspected the elevator and safety gate the day before the accident, and found them of good construction and in good working order.

Assuming, but not deciding that the evidence justified the submission of the case to the jury on the issue of invitation, and further assuming that the proofs did not show a departure from the limits of the invitation as a matter of law (*Cortright* v. *Trustees of Rutgers College*, 120 *N. J. L.* 246), still we think the refusal to direct a verdict for the defendant was error.

There is nothing in the record to show that the construction of the elevator and the gate was faulty or that it was known that the gate was out of order, or that this condition had existed for so long a time that if there was a defect it could have been discovered by the exercise of reasonable care. In fact, all the proofs show that the construction was the usual factory installation, and that in state inspection the day before the gate was found to be in perfect working condition. There are no proofs that defendant knew or could have known that the gate was out of proper position. The plaintiff, therefore, failed to establish his right to recover. *Schnatterer* v. *Bamberger & Co.*, 81 *N. J. L.* 558; *Vecsy* v. *Central Railroad Co.*, 88 *Id.* 177; *Collins* v. *Central Railroad Co.*, 90 *Id.* 593; *Rom* v. *Huber*, 93 *Id.* 360; *Moreland* v. *Director-General of Railroads*, 96 *Id.* 228; *Taylor* v. *Roth & Co.*, 102 *Id.* 702; *Stark* v. *A. & P.*, 102 *Id.* 694; *Drotar* v. *Pennsylvania Railroad Co.*, 120 *Id.* 199.

Faulty construction cannot be established by proof of other accidents. *Crouse* v. *The Stacy-Trent Co.*, 110 *N. J. L.* 124. Nor can it be established without proof of some sort. When there are no conflicting proofs there is no issue for the jury. Of course, when the proprietor of a store, in person, opens an elevator gate and invites a customer to get in, the elevator not

being there, the issue of the lack of due care is for the jury. The store owner, by the exercise of reasonable care, could have discovered the void. *Cohan* v. *Murray, Griffith & Messler,* 106 *Id.* 144.

Further, the proofs before quoted indicate that the plaintiff was seeking a way to a point where he could look at the new roof. He chose a new way to go and not the one previously used and failed to look where he was going. Walking into a new place he chose to look up rather than down. In a somewhat similar factual situation, it was held by the Court of Errors and Appeals that a nonsuit was proper on the ground of contributory negligence. *Adams* v. *Olsen,* 107 *N. J. L.* 288.

The judgment is reversed, with costs.